**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **WELINTHON PÉREZ,** Defendant. | **Crim. No. 25-037 (ADC)** |

**SENTENCING MEMORANDUM**

TO THE HONORABLE COURT:

Mr. Pérez returned to Puerto Rico out of fear and frustration of being unable to support his children. By pleading guilty pursuant to a straight plea, he has accepted responsibility for his misguided decision to return to Puerto Rico and the pain he caused his family and children. Now, he wants to return to his family, work in his country and continue seeking God's word.

We respectfully request that the Court sentence Mr. Pérez to time served — equivalent to 5 months and 24 days, almost the upper end of the guidelines sentencing range of 0-6 months. We further request that, as recommended by the sentencing guidelines, the Court not impose a term of supervised release.

**I.    At just 13 years old, Mr. Pérez quit school and began working as a shoeshine. But he had been working long before then.**

Mr. Pérez was born in extreme poverty in Miches, Dominican Republic. He was one of nine children in a home that had limited beds and food. His father passed away when Mr. Pérez was only 7 years old. He was the sole provider, and his death plunged his family into a dire situation where they struggled to meet their basic necessities.

Forced to help his family, his mother and siblings got whatever work they found. At just 7 years old, Mr. Perez began working in cacao fields and flipping goods as a street

vendor. He tried to juggle school and work, but at the age of 13 he realized he needed to put food on the table for his family. He quit school and began working full-time. Even though he has repeated several grades because of absences, he continued his education and eventually completed his GED as an adult.

**II.     Mr. Pérez's reentry was driven by economic necessity.**

Mr. Perez is a 44-year-old father of four children who lives in the Dominican Republic. The decision to return to the United States was born out of economic necessity and the desperation to care for his children. He explained that he had struggled to find stable work in the Dominican Republic and felt parental duty to provide for his family.

As a father he was affected by the knowledge that his lack of income and inability to provide for his family was harming his children's well-being. While this does not excuse the offense, it provides context for understanding Mr. Pérez's motivations. Ultimately his decision was due to paternal duty to provide for his children.

**III.    A sentence of time served — near the upper end of a GSR of 0-6 months — is a just sentence.**

A sentence of time served is a just resolution in this case. As the PSR correctly calculated, the applicable GSR is 0-6 months. This is based on a Criminal History Category of I and a total offense level 4.

Mr. Pérez was arrested on January 22, 2025, and has been imprisoned since then, for a total of 5 months and 24 days. The Court should also consider that, after he discharges his sentence for this offense, he will spend more time in custody until he is deported to the Dominican Republic.

Mr. Pérez's GSR and total offense level are so low because the guidelines already account for the remoteness of Mr. Pérez's previous reentry convictions:

- In 2001, 24 years ago, he was removed through administrative procedure (not a criminal conviction). PSR ¶ 33.

- In 2006, 19 years ago, he pled guilty to impersonating a citizen and unlawfully reentering the United States. He was sentenced to time served, equivalent to almost 3 months in prison. PSR ¶ 30.

- In 2012, 13 years ago, he was sentenced to unlawfully reentering the United States and sentenced to 142 days in prison, equivalent to time served.

A sentence of time served in this case would be a significant deprivation of liberty and punishment, a total of 166 days in prison. And he will remain in prison until immigration authorities deport him to the Dominican Republic.

The Court should also follow the Sentencing Guideline's recommendation and not impose a term of supervised release. *See* U.S.S.G. § 5D1.1 cmt. n.5 ("In a case in which the defendant is a deportable alien … the court ordinarily should not impose a term of supervised release… If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution.").

WHEREFORE, Mr. Pérez respectfully requests that the Court take notice of this sentencing memorandum and sentence Mr. Pérez to time served — equivalent to 5 months and 24 days — with no term of supervised release.

I CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this 9th day of July 2025.

**R**ACHEL **B**RILL
Federal Public Defender
District of Puerto Rico

**S/ H**ÉCTOR **S**UEIRO-**Á**LVAREZ
Assistant Federal Public Defender
USDC-PR 306513
241 F.D. Roosevelt Ave.
San Juan, PR 00918
Tel. (787) 281-4922 / Fax (787) 281-4899
Email: Hector_Sueiro@fd.org
